# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| RUSORO MINING LIMITED, | No. 18-7044 |
| *Petitioner-Appellee*, | (D.D.C. No. 1:16-cv-2020) |
| v. | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| *Respondent-Appellant*. | |

## UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE
## PENDING RESOLUTION OF FOREIGN PROCEEDINGS

Pursuant to Federal Rule of Appellate Procedure 27 and D.C. Circuit Rule 27, Respondent-Appellant the Bolivarian Republic of Venezuela (the "Republic") moves to hold this appeal in abeyance until final resolution of proceedings in France to set aside the arbitration award that Petitioner-Appellee Rusoro Mining Limited ("Rusoro") seeks to enforce.

In support of this motion, the Republic states as follows:

1.      This is an appeal from a decision of the District Court, entered on March 1, 2018, granting Rusoro's petition to confirm an arbitration award. Since the District Court's decision, the Award has been set aside in part by an intermediate court of appeals in France. However, Rusoro has appealed that

decision to the highest court in France where review may be had.  The Republic now asks this Court to hold the present appeal in abeyance until proceedings in France are complete.  Rusoro has consented to relief the Republic seeks.  The Republic's opening brief is currently due on June 17, 2019.

2.      On August 22, 2016, an arbitration tribunal (convened pursuant to the Additional Facility Rules of the International Centre for Settlement of Investment Disputes ("ICSID") and the bilateral investment treaty between the Republic and Canada ("Treaty")) issued an arbitral award in favor of Rusoro (the "Award").  The tribunal held that the Republic had violated the Treaty by expropriating Rusoro's investment in Venezuela without payment of compensation, and ordered the Republic to pay Rusoro $966.5 million in compensation.

3.      On October 10, 2016, Rusoro filed a petition before the District Court seeking confirmation of the Award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").  D. Ct. Dkt. 1.

4.      On October 19, 2016, the Republic commenced proceedings before the Court of Appeal in Paris—the seat of the arbitration—to set aside the Award.  The Republic argued, among other things, that the tribunal had exceeded the scope of its jurisdiction under the Treaty by calculating compensation based on valuations that predated the date of the expropriation.

5. As noted above, the District Court entered a final judgment in favor of Rusoro confirming the Award on March 1, 2018. However, on January 29, 2019, while this appeal has been pending, the Paris Court of Appeal (the "Paris Court") issued a decision setting aside the Award in part.[1] The Paris Court invalidated the Award "to the extent that it orders the Republic of Venezuela to pay Rusoro the amount of USD 966,500,000 for the expropriation of its investment without compensation, as well as interest on this amount." Ex. 1. The Paris Court did not disturb the Award's finding of liability.

6. Rusoro has appealed the Court of Appeal's decision to the Cour de Cassation, the highest court in France to which an appeal may be had in the set-aside proceeding. A decision by the Cour de Cassation will finally resolve the status of the Award and the enforceability of the tribunal's order.

7. Under Article VI of the New York Convention, courts "may … adjourn [a] decision on the enforcement of [an] award" in light of ongoing set-aside proceedings.

8. Because of the changed circumstances resulting from the Paris Court's ruling, judicial economy would be served by holding the appeal in abeyance pending the final resolution of the set-aside proceedings in France.

---

[1] A copy of the decision, accompanied by a certified English translation, is attached as Exhibit 1.

Notably, the District Court has not yet made a finding pursuant to 28 U.S.C. § 1610(c) that the judgment may be enforced, so no prejudice will result as a result of the appeal being stayed.

9.     Counsel for Rusoro has authorized us to state that it consents to holding this appeal in abeyance pending final resolution of the set-aside proceedings before the French courts.

## CONCLUSION

For the foregoing reasons, the Bolivarian Republic of Venezuela respectfully requests that the Court hold the case in abeyance pending final resolution of the set-aside proceedings before the French courts.

Respectfully submitted,

Dated: May 30, 2019

Kent A. Yalowitz
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: +1 212.836.8000
Fax: +1 212.836.8689
kent.yalowitz@arnoldporter.com

E. Whitney Debevoise
Sally L. Pei
Stephen K. Wirth
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999

*Attorneys for the Bolivarian Republic of Venezuela*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, I electronically filed the foregoing document with the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: May 30, 2019

*/s/ Stephen K. Wirth*
Stephen K. Wirth

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with Federal Rule of Appellate Procedure 27(d)(2)(A) and Federal Rule of Appellate Procedure 32(g)(1) because it contains 643 words. I further certify that the foregoing document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word 2010 in Times New Roman 14-point font.


Dated: May 30, 2019                          */s/ Stephen K. Wirth*
                                             Stephen K. Wirth